*119 '(5§ÍÍílÓl¿ OF THE CÓU^Kb.V
Ch. J. BoYLE. *
TBiSiaffiBg® action of ejectbieut b'ro^ht by the trustees^oPo^üowh of Falmoutlúagainst IWrtef, to recover the possession of a lot.
*120 On thé'Lml í'be.p'I^i-ntiffs^afi, in>-'eVi'éence ja copy of an original '"surt^ for- ofle*fflbd|S^,d:;;at:rete;*4f la^df- at the junction of the main and^utSHfoNí|^"E!Í§tórí§, and pr'oved that it included one huhdred aáfés, ásCoripnally laid off fpr the fbw.h of Falmouth, at''tnej&^ÉLótó'^'btbe two-streams; ánffthat the place'in cotí-iS^p^P^s a Ibt in Uie,said-town, and occupied by thedpfepd|mi''';'JFbey fh%ff^;&efed;tO'read a copy from the Register's-of o'hphpap'ér'pprporting to be a grant from .the Cfommah; wealth to John Waljer, John Cookand A-^imMpntjoy, assignee of William M’Daniei, on the above mentioned survey; but the court rejected it as evidence., ground that the signature of the governor .was not affigaid to it. The plaintiffs then read the act of asse'm; |)l^ of 1793, establishing the town of Falmouth, the ge'n-eral act of 1796, establishing towns, so far as,relates to the mode of appointing trustees and their powers, an act of 1797 prescribing the mode of appointing trustees'in towns established by special acts of assembly, an act of 1812 relating specially to the towni>f Falmouthj'the ojr-der of the board of trustees appointing^, srfrveyor under said act, and the report and proceedings of said surveyor, together with the orders made on said report, both by the trustees and county court. They also read the, records of the trustees, showing the electfc|pbf themselves, and the appointment of a clerk by a former board of trustees, and the record of the county court shoeing the appointment of trustees at two different times by the county court.
On this evidence, the circuit court, at the instance of the defendant, instructed the jury that the acts of as■sembly, orders’of tiiebblfd of trustees and appointments of the county court, Wa- not invest the plaintiffs with such legal title as would enable them to re^^erin., ibis action. To this instruction the plaintixc£pi|,d<l, and a verdict and judgment ha-viñg been 'rendered against them, they have brought the case to this cSuri by .writ of error.
The only question the case presents, is, wbether.ihe plaintiffs showed themselves vested with the legal title? For without the legal t^q^they bould not maintain the action, and the instructi^wgiven by the circuit court to the jury, must be'deeihed/Borrect. , •' '
The plmjtlffs appear fo have been trustees of the town w Falmouth by the inhábfilraiís thereof, in *121 4'8¡rusí 1816; and they are, no doubt, in virtue of the various provisions of the several acts of assembly referred-to in the bill of exceptions, clothed, in the character of trustees,, with the authority to sell and convey lots, and the ¡^ower to regulate the police of the town. They may, however, have such power and authority without-being vested with (be legal title; for the latter isnot-ap inseparable incident of the former. Whether they have the legal title, depends upon the con-Itruction of the several acts of assembly in relation to this subject.
■ The act of 1793, establishing the town of Falmouth, - vests the title of the one hundred acres directed to be laid off £or. the town, in certain individuals by name, as trustees; but it contains no provision vesting the title in their successors, and neither of the plaintiffs are amongst those named in the act as trustees. It is evident, therefore, that they cannot, under this act, derive any title to themselves. lithe trustees of a town, were, in the technical sense of the word, a corporation, words of sue-cession would not, perhaps, under the statutory provisions of this country, be necessary to transmit the legal title from one set of trustees to another who succeed them. But they are not a corporation; for, to a corporation, a common name by which they may sue and be sued and do every other legal act, is essentia,], and the trustees of a town have no such common name. They must sue and be sued, and do every other legal act in their individual names, respectively. They are, therefore,' emphatically mere trustees, and nota corporation; and an act of assembly, vesting the title in one set of .trustees, cannot be construed to pass it to another, without some words indicative of an intention that the act should, have that effect; and as the act of 1793 contains no such words, it cannot be so construed.
The act of 1798, contains a provision, making it the duty of the county courts, where any town had been theretofore established in their respective counties, and .the title was not vested in trustees, or where the trustees or a majority of them, were dead or removed, to appoint trustees for such town; and, moreover, declares that “ the lands appropriated by l,aw, shall he vested in tl e trustees so appointed.” But this provision, like the act of 1793, uses no language which can be construed to pass the title from the trustees so appointed by the *122 county court, to those who may succeed them; and unless the plaintiffs had shown that they had been appointed by the county court, they could not be vested with the title under this act. This they have failed to do; for though they exhibited two orders of the county court made after the passage of this act, appointing trustees for the town of Falmouth, neither of the plaintiffs is amongst those appointed by either of those orders.
The act of 1797 and the act of 1812,- referred to in the bill of exceptions, are the only other acts of assembly relied on to show title in the plaintiffs. But these clearly have no bearing upon the point. The former-only provides for the mode of electing trustees of towns established by special acts of the legislature, and declares what powers they shall have, without containing any provision investing them with the title; and the latter merely provides a mode of ascertaining the boundaries of the town of Falmouth and its lots. The plain-tills, therefore, failed to show a legal title, and of course, the instructions given by the circuit court to the jury, were correct.
The judgment must be affirmed with costs.