Judge Ewing
delivered the Opinion of the Court.
James and John Mason, on several demises, brought' an action of ejectment against Rebecca Mulholn, for a lot of ground in Mount Sterling, and, as evidence of title, read to the jury a deed executed by Thomas Hoff *141 man and four others, as trustees of Mount Sterling, to John Mason, bearing date the 14th day of June, 1823, and purporting to be “ for and in consideration of a deed from William Smith to Daniel Mulholn, and a deed from Amos Davis, as deputy sheriff of Montgomery county, to said Mason, and in further consideration of one dollar paid to them;” and proved that Hoffman &c. had been legally elected as the trustees of said town, and were then duly in office and acting as such; and that the lot in contest was in the bounds of the town, and in possession of the defendant at the service of the declaration in ejectment. And then read the act establishing the town, approved December 17th, 1792, and vesting the ground in Enoch Smith and six others, named as trustees, with power to lay off a town, and sell and convey the lots, but without any provision vesting the lots in their successors.
The act of 1796, concerning the establishment of towns, gives to trustees of towns which may be established under it, power to convey the lots to purchasers; and 97 powers given to trustees by the act of 96, are conferred on the trustees of towns previously established. By virtue of these acts, trustees of towns, for the time being, may make deeds oflots, though the act establishing the town (before ’96) did not vest the title of the lots in the first trustees, nor give their successors power to convey them.
Whereupon, the Court, on the motion of the defendant, instructed the jury to find as in case of a non-suit; and a verdict having been found and judgment rendered for the defendant — the plaintiffs have brought the case to this Court, by writ of error.
The only ground relied on to sustain the instruction, is that the deed was inoperative ‡0 pass the legal title to the plaintiff:—
First — because the persons named as trustees had no power to pass the legal title.
Second — because they had no power to pass it upon the considerations expressed in the deed.
We think that neither of these grounds is sustianable.
Though the statute of 1792, establishing the town, , “ , ,. , . , 0 , does not vest the title, or give the power to convey to the successors of those named in the act, yet the act of 1796 (2 Stat. Law, 1508,) provides that the inhabitants of all towns theretofore established by a. special act of the Legislature, shall elect their trustees in like manner as is allowed to the inhabitants of towns that may be established by the authority of the latter act; and the *142 trustees so elected shall possess the same powers as trustees of towns established by said recited act. And, as the act of 1796 (2 Stat. Law, 1507,) gives to those appointed under its provisions, the power to convey, it follows that those elected as trustees when the town has , , , , . ,. been established by a special act, having the same powers delegated to them, may convey and pass the legal title.
Trustees of towns who are not vestef with the tefots, and can maintain no suit for any, may nevertheiess, have authority to convey and pass the title.
An act (of 1815) for the better reg^, sterling,gives the trustees power to convey lots to those who are entitled to them, & the original price And thoun-lfthis may be a private acts-are extensively published, quiredto be specially pleaded in this State — the courts must take notice of it.
The trustees of a town having a convey the lots” a deed made by them, is prima facie evidence was shown by the grantee, that was necessary to entitle him to the conveyance.
They may not be invested with the legal title, and in virtue thereof be authorized themselves to maintain an . . action oi ejectment, as was determined by this Court, m the case of The Trustees of Falmouth vs. Horter, 4 Littel's Rep. 121; yet they may have the authority to sell and convey, and vest the legal title in others, without being invested with the legal title themselves.
But independent of this view, the last clause of the act for the better regulation of the town of Mount, Sterling, (Rets of 1815, 538,) after having provided for the election of trustees, gives to them' full power to make , ... . . / .... conveyances by deed, to all lots holden within the bounds of said town, to the person entitled to the same, or his or their assigns, who shall produce to them a 1’ anc^ equitable title, provided those claiming deeds shall show to them that the original purchase money ^as ^een Pa^* And though this act was not referred to, or used on the trial, if it be deemed a private act, as the same publicity is given in this country to private as to public acts, and the former are not required here 1 to be specially pleaded, we teel not disposed to depart from the opinion of our predecessors, in the case of Halbert vs Skyles, (1 Marsh. 369,) in which they determine that the Court was bound to take notice of such an act.
In relation to the second objection, we would remark that the power to convey, conferred on the trustees, is a general power, and the execution of the deed implies, prima facie, that such fair and equitable title was produced to them, by an original purchaser, or his assignee, as we as a^ °ther things dope, as to warrant the execution of the deed.
The Provision requiring the claimant to show that the purchase money has been paid, as well as other provi *143 sions with respect to his right to a conveyance, is directory to the Trustees, who are to be satisfied of the facts, and when, in the exercise of a general power, they have made a conveyance, the title must be presumed to have passed to the vendee — as was determined by this Court in the case of Morrison vs. McMillen &c. 4 Littell's Rep. 211. We cannot undertake to determine, from the consideration expressed on the face of the deed, that a case was not made out to justify its execution.
It is, therefore, the opinion of the Court, that the judgment of the Circuit Court be reversed, and cause remanded, that a new trial may be granted, without the payment of costs. And the plaintiffs in error are entitled to their costs in this Court.