## Clark County Fiscal Court, et al. v. Powell County Fiscal Court.

(Decided February 7, 1928.)

### Appeal from Clark Circuit Court.

1. Bridges.—Where fiscal courts of two counties exercise power conferred on them under Ky. Stats., sec. 4309, by ordering the construction of a bridge across stream on county line, the order itself is a sufficient declaration that the bridge is a "public necessity."

2. Municipal Corporations.—Ordinarily, municipal authorities clothed with the power of making public improvements are the sole judges of the necessity for such improvements, and their action will not be reviewed by the courts unless it is made to appear that they acted corruptly or in bad faith.

3. Bridges.—Since Ky. Stats., sec. 4309, grants authority to fiscal courts of adjoining counties to determine necessity for joint bridge over stream on county line, the courts will not review their action relative thereto in absence of allegation that members of such courts acted corruptly or in bad faith.

4. Counties.—Neither fiscal court of adjoining counties had power to delegate to commissioners authority to determine question of public necessity for bridge over stream on county line authorized by Ky. Stats., sec. 4309.

5. Counties.—Authorizing commissioners to investigate situation and report findings to fiscal courts, who then exercised their own discretion in determining whether bridge should be built over stream on county line pursuant to Ky. Stats., sec. 4309, held not to have constituted an unauthorized delegation of authority vested in fiscal court.

6. Bridges.—Location of bridge site at a point 341 feet from ford by commissioners appointed pursuant to orders of fiscal courts of adjoining counties held a substantial compliance with order to view out a location at one of two fords, since the primary meaning of word "at" is nearness or proximity, and it is commonly used as equivalent of "near" or "about."

7. Bridges.—Failure of commissioners' report to disclose that opening and building of new road to bridge at site selected pursuant to their appointment under authority of Ky. Stats., sec. 4309, would cost one of adjoining counties approximately $10,000 and would require 25 per cent. grade, did not affect validity of proceeding, since commissioners were not directed to report on such matters, but were required only to report which of two locations was more suitable.

8. Bridges.—Where fiscal courts of adjoining counties, pursuant to authority of Ky. Stats., sec. 4309, agreed as to necessity of bridge over stream on county line and approved report of commissioners appointed for purpose of reporting on location, failure of state commissioner of public roads or assistant to join in report did not affect validity of joint action of fiscal courts.

9. Bridges.—Inability of one county to pay its part of proposed bridge over stream on county line is not available as defense by other county in action to compel it to proceed to take necessary steps in construction of bridge in accordance with previous joint action of fiscal courts.

JESSE D. KASH and PENDLETON & BUSH for appellants.

J. D. ATKINSON, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

Section 4309, Kentucky Statutes, is as follows:

"Joint Bridges.—When it becomes necessary to build or repair any bridge across any stream on the line between two counties, or to construct or improve, or to keep in repair any road or roads between two counties, or along the boundary line thereof, the fiscal courts of such counties may enter into such agreement therefor as to them shall seem best, but if they disagree in relation thereto, it shall be the duty of the fiscal court of each county to ap-

point two special commissioners who, together with the county road engineer of each county and the state commissioner of public roads, or one of his representatives or assistants, shall meet and arrange the matter. The fiscal court of each county interested shall notify the state commissioner of public roads of the action taken and request his assistance in the matter and the decision reached by the committee thus appointed, acting jointly with the commissioner of public roads, shall be binding. If the fiscal court of any county, upon being requested to do so, shall fail to appoint commissioners, or if either court shall fail in any respect to fulfill its part of the agreement with respect to work, the remedy by mandamus shall lie before the circuit court of the county whose fiscal court is complained of on behalf of the fiscal court of the other county, and the circuit court shall compel the fiscal court complained of to do what ought to be done in the matter.''

At its April term, 1925, the Powell county fiscal court entered an order appointing Allen Wills and H. C. Baker commissioners, who, together with Robert Ewen, special county engineer, were directed to select a suitable location either at Newell Mill ford or Lowery ford, for the construction of a joint bridge over Lulbygrud creek, which is the boundary line between Clark and Powell counties. The commissioners so appointed were directed to meet in conjunction with commissioners from Clark county and report the result of their findings to the court. About the same time the Clark county fiscal court entered an order appointing John Pursley and J. L. Skinner, commissioners to act in conjunction with the commissioners appointed by the Powell fiscal court to view and locate a site for a bridge over Lulbygrud creek. On May 12, the commissioners appointed by each of the counties met and located the site for the bridge at Lowery ford. Their action was reported to and approved by the fiscal court of each county. It was also ordered by the fiscal court of each county that that county proceed through the proper authorities and channels, acting conjointly with the other county, to establish, construct, and build the bridge. Later on the joint committee appointed by the fiscal courts of the two counties met for the purpose of submitting plans for the bridge. Plans were adopted, reported, and approved by the fiscal courts of

the two counties. Bids were advertised for, received, and submitted. At a joint session of the fiscal courts of the two counties the bids were rejected. After that the fiscal court of Clark county refused to go further in the matter.

This action was brought by the fiscal court of Powell county against the Clark county fiscal court and its members to compel them to proceed in conjunction with plaintiff to take the necessary steps in the construction of the bridge. Their demurrer to the petition being overruled, defendants filed an answer and amended answer to which a demurrer was sustained, and they, having declined to plead further, an order of mandamus was granted. The defendants have appealed.

Appellants insist that the court erred in sustaining the demurrer to their answer and amended answer. The defenses presented by these pleadings will be considered in the following order.

Not only was there no order of the fiscal court declaring the construction of the bridge to be a public necessity, but the answer alleged that the bridge was not necessary, and that it would serve the convenience of only three or four families. The order of the Powell fiscal court did declare the construction of the bridge at the point in question to be a public necessity. It does not appear that such a declaration was contained in the order of the Clark fiscal court approving the report of the commissioners and ordering the construction of the bridge. The statute does not provide for a declaration of necessity, and it must be held that where the fiscal courts of two counties are vested with the power given by the statute, and they exercise this power by ordering the bridge constructed, the order itself is in effect a declaration that the bridge is a public necessity. Ordinarily, municipal authorities clothed with the power of making public improvements are the sole judges of the necessity for such improvements, and their action will not be reviewed by the courts unless it is made to appear that they acted corruptly or in bad faith. Marz v. City of Newport, 173 Ky. 147, 190 S. W. 670. An examination of the statute, supra, will show that the Legislature intended to give to the fiscal courts of the two counties the power to determine whether a joint bridge between the two counties was necessary or not, and, it not being alleged that the members of those courts acted corruptly or in bad faith, the

courts will not review their action and substitute their judgment for that of the agents intrusted with the power of decision.

It is next insisted that the attempted agreement between the two fiscal courts was not binding because the report of the commissioners was misleading. The respects in which it is claimed to be misleading are: (a) That it did not disclose that the only people concerned were three or four families; (b) instead of reporting the bridge as necessary they merely stated it would serve the convenience of the majority of the people concerned; (c) it did not disclose that the bridge was not located on the road or at the ford, but located at a point 341 feet from the ford; (d) it did not disclose that the building of the new road to the bridge at the point selected would cost Clark county $10,000 in addition to its part of the cost of the bridge; (e) that the report did not reveal the fact that the construction of the road to the bridge on the Clark county side would require a prohibitory grade of 25 per cent. Incidentally, it is argued that neither fiscal court had the power to delegate to the commissioners authority to determine the question of public necessity for the bridge. This rule may be conceded, Floyd County v. Owego Bridge Co., 143 Ky. 693, 137 S. W. 237, but no such authority was delegated to, or finally exercised by, the commissioners in this case. They were merely authorized to investigate the situation and report their findings to the fiscal courts. This they did, and the fiscal courts then exercised their own discretion in determining that the bridge should be built.

The commissioners were appointed for the purpose of recommending which of the two fords was the more desirable location for the bridge. They reported in favor of the Lowery ford because in their opinion it would serve the convenience of the majority of the people concerned. There is no charge that the commissioners acted fraudulently or in bad faith, or that the members of the fiscal court were induced by fraud or mistake to approve the report of the commissioners and order the bridge built.

It is next insisted that the commissioners located the bridge not at Lowery ford, but at a point 341 feet from the ford. The commissioners were appointed "to view out a location at one of these fords," and to make their recommendations. They located the bridge "at the upper

ford'' (Lowery ford). The primary idea in the word ''at'' is ''nearness'' or ''proximity,'' and it is commonly used as the equivalent of ''near'' or ''about.'' Fayette County Board of Education v. Tompkins, 212 Ky. 751, 280 S. W. 114. And since fords are not always confined to narrow limits, we are not disposed to hold that the location of the bridge site at a point 341 feet from the ford is not a substantial compliance with the orders of the two fiscal courts.

The failure of the commissioners' reports to disclose that the opening and building of a new road to the bridge at the site selected would cost Clark county approximately $10,000, and that the new road would require a grade of 25 per cent. in no wise affected the validity of the proceeding. The commissioners were not directed to report on these matters, but were required to report which of the locations was the more suitable. The cost of the new road and the character of grade are simply problems to be solved by the Clark county fiscal court, and the difficulty of their solution furnishes no reason why Clark county may escape its obligation growing out of the joint enterprise agreed on by the fiscal courts of the two counties.

It is further insisted that the report of the commissioners was not approved by the state commissioner of public roads, or one of his assistants. It must not be overlooked that it is only in case of disagreement that it becomes necessary to appoint commissioners who must act jointly with the state commissioner of public roads or one of his assistants. Hence, if this were a case where the fiscal courts of the two counties had disagreed, and Clark county was seeking a mandamus based solely on the ground that the report of the commissioners was binding, there might be some merit in the contention. As a matter of fact, however, there was no disagreement as to the necessity of constructing the bridge, and the commissioners were not appointed for the purpose of making an agreement that would be binding on the fiscal courts of the two counties, but for the sole purpose of reporting which of the locations was the more suitable. After this was done the report of the commissioners was approved, and the bridge was ordered built. In the circumstances the failure of the state commissioner of public roads or one of his assistants to join in the report did not affect the validity of the joint action of the two fiscal courts.

The answer also contains the allegation that Powell county did not have sufficient funds to pay for its part of the proposed bridge. As Clark county will not be liable for anything more than its pro rata share of the cost of the bridge, the inability of Powell county to pay its part is not available as a defense by Clark county but is a mere risk to be incurred by whoever contracts to build the bridge.

The statute was enacted for the express purpose of meeting the situation here presented, and being of the opinion that the defenses presented by the answer and amended answer are without merit, it follows that the demurrers thereto were properly sustained, and that the trial court did not err in awarding the relief prayed.

Judgment affirmed.