## Russell v. Bell, et al.

(Decided May 1, 1928.)

### Appeal from McCracken Circuit Court.

1. Municipal Corporations.—In suit brought by taxpayer to recover sum representing value of lighting plant less actual selling price or for restoration after sale by board of aldermen and councilmen, where there was no allegation of fraud in petition, held, that recovery could not be had against members of board of aldermen and board of councilmen for difference in value of equipment and price for which it was sold.

2. Municipal Corporations.—Boards of aldermen and councilmen held necessary parties to suit by taxpayer for value of restoration of municipal lighting plant, which was sold without enactment of ordinance prescribed by Ky. Stats., sec. 3058.

3. Municipal Corporations.—Sale of lighting plant belonging to city of second class by boards of aldermen and councilmen without enactment of ordinance as prescribed by Ky. Stats., sec. 3058, in manner pointed out in section 3059, held unauthorized and void.

4. Municipal Corporations.—An ordinance can be enacted only in manner pointed out in Ky. Stats., sec. 3059.

EDGAR T. WASHBURN and JESS F. NICHOLS for appellant.

WHEELER & HUGHES, W. V. EATON and A. Y. MARTIN for appellees.

Opinion of the Court by Judge Logan—Reversing.

The appellant instituted this suit as a taxpayer of the city of Paducah suing for the use and benefit of himself and the other taxpayers in that city. The appellees, who were the defendants in the court below, are the members of the board of aldermen and the board of councilmen of that city, together with Howard E. Shelton and the H. E. Shelton Machinery Company.

The allegations of the petition are that the city of Paducah, which is a city of the second class, was the owner of a municipal light plant with necessary equipment consisting of engines, boilers, pumps, switchboards, and generators; that this equipment was reasonably worth the sum of $30,000; that the board of aldermen and the board of councilmen, without adopting an ordinance for the sale thereof, sold the property to Howard E. Shelton for the sum of $1,800; that the sale was approved by each board by order and not by ordinance; that the agreement to sell this property to Shelton was entered into at some place other than that fixed by law for the conduct of the affairs of the city; that after Howard E. Shelton acquired the property he transferred it to the H. E. Shelton Machinery Company which now has the property in its possession.

The appellant sought to recover, for the use and benefit of the city, the sum of $28,200 from the members of the board of aldermen and the board of councilmen, or, if that could not be done, for the restoration of the equipment to the city, which is equivalent to a prayer for the cancellation of the contract of sale.

The members of the board of aldermen and the board of councilmen interposed a demurrer to the petition, as did also Howard E. Shelton and the H. E. Shelton Machinery Company. The demurrers were sustained by the court and the petition dismissed.

There is no allegation of fraud in the petition, and without such an allegation appellant is not entitled to recover a judgment against the members of the board of

aldermen and the board of councilmen for the difference in the value of the equipment and the price for which it was sold, but they were necessary parties to the suit, and if the petition states a cause of action the demurrers should not have been sustained to the petition as a whole.

There is no question involved other than whether the legislative boards of the city had the power and authority to sell the equipment without the enactment of an ordinance as is prescribed by section 3058, Ky. Stats.

Among other things, this section authorizes the legislative boards of cities of the second class to sell either real or personal property belonging to the city. The demurrer admits that there was no ordinance passed as is required by that section. If an ordinance was required and none was enacted, it would follow that the sale was made without authority, and therefore void, and a restoration of the property to the city could be adjudged. An ordinance can be enacted only in the manner pointed out in section 3059, Ky. Stats.

In the case of City of Louisville v. Parsons, 150 Ky. 420, 150 S. W. 498, this court held that, where the charter provisions of a city provided that legislation should be enacted by an ordinance, the provision in the charter was mandatory. That case involved the construction of a charter of a city of the first class. It was also held that such provisions in the charter of a city applied to the acts of the city, whether such acts partook of the nature of private business or governmental functions.

We find no authority vested in a city of the second class to make a sale of its property, either real or personal, other than through the enactment of an ordinance. The city attorney points out no provision of the Statutes which authorizes a sale of the property in any other manner. It follows, therefore, that the court was in error in sustaining demurrers to the petition.

Judgment reversed and cause remanded for proceedings consistent with this opinion.