## City of Hartford v. Gillespie et al.

(Decided Oct. 22, 1935.)

834

BARNES & SMITH for appellant.
HEAVRIN & MARTIN and GILMORE KEOWN for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The determination of the issues presented herein requires a chronological statement of the statutes and the deeds involved, and a construction of them.

The city of Hartford, Ohio County, Ky., was incorporated by an act of the General Assembly, approved February 3, 1808. 3 Litt. Laws of Kentucky, p. 442.

In July, 1871, the trustees, under the statutes in operation at that time, constituted a board to do business. They were "a body corporate, and by that name [trustees] may sue and be sued," with the right to "elect one of their body chairman of that board, with power "to purchase, take, and hold the title to not exceeding forty acres of land, in or near the town, for a public cemetery"; "to improve such ground, and appoint a keeper thereof"; "to sell small parcels of the ground to individuals for the purpose of interment"; "to receive and collect subscriptions to aid in purchasing, taking care of, and repairing such ground." 2 Stanton's Revised Statutes of Kentucky, 1867 Ed. p. 422.

The General Assembly, by chapter 99, Acts 1891-92-93, p. 256, classified the cities and towns of the com-

monwealth. The city of Hartford was assigned to the fifth class by chapter 116, Acts of 1904, p. 280 (Ky. Stats. 1930, sec. 2740). Each city of the fifth class was thereby declared to be (section 3615, Ky. Stats.) a corporation by the name it then had, with perpetual succession, and with power to sue and be sued, to "purchase, lease, receive, hold and enjoy real and personal property, and control and dispose of the same for the common benefit." The government of the city of Hartford was, also, thereby (section 3616, Ky. Stats.) vested in a mayor and a city council to consist of six members. And it was further provided (section 3637-9) "that where the city owns a cemetery it shall be under the control and management of the city council; they shall fix the price at which the lots shall be sold, and may execute deeds therefor; a receipt from the treasurer shall be complete evidence of title."

On the 27th day of July, 1871, a deed was executed and delivered by William P. Forman and Helen Forman, for the consideration of $500, evidenced by notes, "to the trustees" of the town of Hartford and their successors, in office, in trust, conveying to them as trustees, "for the use of the public as a cemetery, and for the use of such persons as the said trustees or their successors, shall sell lots or a part of the premises," a certain boundary of land, containing twelve acres and three rods with the reservation stated in the deed, which is not now here involved. On November 13, 1916, the city council of Hartford, by and through J. C. Iler, mayor, and J. A. Howard, clerk, executed and delivered a deed, conveying the same land to J. E. Bean, J. C. Iler, and C. O. Hunter, trustees of Oakwood Cemetery, "and their successors in office" for the recited consideration of $1 in cash, and the further consideration that the grantees and "their successors in offices will keep the amount of $1,000.00 and interest and hold same as a trust fund, not to be used for any purpose, but may use all the interest from the $1,000 annually, together with the proceeds of the burial lots to improve and upkeep the said cemetery."

The deed undertakes to confer upon Bean, Iler, and Hunter, as trustees, and their successors in office, the power to appoint their successors, with the restriction that a vacancy be filled by them or their successors, by the appointment of a resident of the town of Hartford. John E. Bean was therein designated

commissioner to make deeds to burial lots, with the power in Bean, Iler and Hunter, as trustees, to appoint another commissioner in lieu of Bean. And it contains this provision:

"The said trustees shall have the power to make rules governing the cemetery, the same as the city council has, and if at any time, said trustees shall think it best to incorporate the cemetery, this may be done as the law of the state requires. The duty is imposed upon the treasurer of the cemetery, on the request of the city council, to report to it the amount of money received and paid out and the balance on hand in cash or notes."

The city of Hartford brought this action against W. H. Gillespie, T. H. Black and W. J. Bean, trustees of Oakwood Cemetery, C. O. Hunter, J. C. Iler, and the executor of John W. Bean. The petition alleges that upon the execution and delivery of the deed by the Formans, the city of Hartford, by and through its board of trustees, immediately took possession of the land described in the deed, as a cemetery, and continuously exercised all authority over it, until the execution and delivery of the deed, by which the city undertook on November 13, 1916, to confer upon J. E. Bean, J. C. Iler, and C. O. Hunter, trustees of the Oakwood Cemetery, all of the city's authority over the cemetery, and the control of the $1,000 referred to in the city's deed to Bean, Iler, and Hunter; thereafter J. C. Iler ceased to be a resident of the city of Hartford, and Bean and Hunter elected W. H. Gillespie to fill the vacancy in the trusteeship occurring from Iler's removal from the city. Later, C. O. Hunter removed from the city, when Bean and Gillespie elected T. H. Black as Hunter's successor. And in 1932, upon the death of Bean, Gillespie and Black elected W. J. Bean to fill the vacancy resulting from the death of J. E. Bean. Gillespie, Black, and W. J. Bean are now claiming to be the successors in office of J. E. Bean, J. C. Iler, and C. O. Hunter. It is charged in the petition they are in the possession of the cemetery, and there are now in their hands, $210.69, cash; $400, evidenced by Stalsworth's note, and state warrants of the value of $1,673.62, derived from the sale of lots, and that, from the proceeds of the sale of burial lots, the trustees, acting under the aforementioned deed, had purchased of R. D. Newton a lot adjoining that embraced in the Forman deed, to be used,

and was being used, as a part of the cemetery. Hunter, Black, W. J. Bean, J. C. Iler, and the executrix of the estate of John E. Bean, it is alleged, are wrongfully and without right withholding from the city council, the cemetery, the money, notes, and warrants, mentioned above; and are fixing the price of burial lots, selling and conveying the same to the purchasers, although requested to surrender the control and possession of the cemetery and turn over the money, notes and warrants to the city. The city in its petition, prays that the "ownership and rights" of the city of Hartford and Gillespie, Black, W. J. Bean, Hunter, Iler, and the estate of John E. Bean, to the cemetery, money, notes, and state warrants, and the land conveyed by Newton to them as trustees, be determined and declared. A demurrer was sustained to the petition. It was dismissed. A mere reading of the statutes in force at the date of the Forman deed, and the Forman deed, is sufficient to establish that the title to the land described in the Forman deed was in the city of Hartford at the date of the deed of Bean, Iler, and Hunter. The Forman deed, conveying the land to the trustees of the town, did not vest in them, but in the city, the legal title. Trustees of Falmouth v. Horter, 4 Litt. 119; Mason v. Mulholn, 6 Dana, 140. The statute, in operation in 1871, expressly provided that the city of Hartford may acquire title to land not exceeding 40 acres for cemetery purposes by a conveyance to the trustees of the town, and clearly defined the duties of the trustees in respect thereto.

Section 3616 (Acts of 1891-92-93, c. 250, sec. 10) operated to abolish the office of trustees of the city of Hartford. Section 3637-9 expressly confers exclusive control and management of the cemetery, and imposes the duty appertaining thereto, upon the city council, with the power and duty to "fix the price at which the lots shall be sold" and to execute deeds therefor.

With section 3637-9 of the statute in mind, it is easy to see that in so far as the deed to Bean, Iler, and Hunter, attempts perpetually to divest the city council of its statutory power and duty, respecting the control and management of the cemetery, the pricing and selling the lots therein, it is a nullity. City of Louisville v. Parsons, 150 Ky. 420, 150 S. W. 498. And in so far as it attempts to, or does, confer upon the trustees named in the deed and their successors the power of

self-perpetuation, it is likewise invalid. It constitutes neither a sale of, nor an incumbrance upon, the land therein described. Trustees of Augusta v. Perkins, 3 B. Mon. 437; Giltner v. Trustees of Carrollton, 7 B. Mon. 680; Massey v. City of Bowling Green, 206 Ky. 692, 268 S. W. 348; Russell v. Bell, 224 Ky. 298, 6 S. W. (2d) 236.

The members of the city council who authorized the execution and delivery of the deed to Iler, Hunter, and Bean, and Iler, Hunter, and Bean, must be presumed to have had knowledge of the existence and purpose of section 3637-9 at the time of the execution and delivery of the deed by the former to the latter. Its language is plain, simple, and free of ambiguity. Pulaski County v. Richardson, County Treasurer, 225 Ky. 556, 9 S. W. (2d) 523; City of Newport v. McLane, 256 Ky. 803, 77 S. W. (2d) 27, 96 A. L. R. 655.

The city council, at the time it executed and delivered the deed to them, was an agent of the city, with delegated powers, and was without right to divest itself of and confer upon Iler, Bean, and Hunter the power or duty to exercise the discretion vested by the statutes in the council in the control and management of the cemetery and fixing the prices of the lots. Carter v. Krueger & Son, 175 Ky. 399, 194 S. W. 553; Conrad v. Pendleton County, 209 Ky. 526, 529, 273 S. W. 57; Clark County Fiscal Court v. Powell County Fiscal Court, 223 Ky. 10, 2 S. W. (2d) 1039. And it must be presumed that in dealing with it, Bean, Iler, and Hunter not only had knowledge of the existence of this statute, but the extent of the authority of the city council when acting thereunder. Perry County v. Engle, 116 Ky. 594, 76 S. W. 382, 25 Ky. Law Rep. 813; Floyd County v. Owego Bridge Co., 143 Ky. 693, 137 S. W. 237; Leslie County v. Keith, 227 Ky. 663, 13 S. W. (2d) 1012.

The city council, at the date of the deed to them, had the power under the statutes to appoint an administrative agent and delegate to him the power to control and manage the cemetery and to fix the price and execute deeds to lots therein, subject to its approval and regulation, but it was entirely without power to delegate to them the discretion which the statutes vest in the city council in respect to the cemetery, its control and management.

It is apparent that it is our view that, at most, the

deed of November 13, 1916, conferred on Bean, Iler, and Hunter, and those who have acted and are acting thereunder, no more than a mere agency, terminable at the will of the city council. It was therefore their duty, on the demand of the city council, to surrender to it, all money, notes, and state warrants derived from their control and management of the property, and the title and possession of the land paid for out of the sale of the cemetery lots, as well as the entire control and management of the cemetery.

The judgment of the circuit court not being in harmony with our views, it is reversed, with directions to overrule the demurrer to the petition, and for proceedings consistent herewith.