CASE 63—EQUITY—MARCH 5, 1881.

# Shawhan, &c., v. Zinn, &c.

APPEAL FROM KENTON CIRCUIT COURT.

1. The president and directors of a corporation, having the power to institute an action, have the power to dismiss it.

2. In order to enable a stockholder to sue for the corporation, or his associate stockholders, where the rights of the corporation are involved, he must allege that the directors decline to sue, or refuse to permit him to sue in the name of the corporation, and the cor-poration must be a party plaintiff or defendant.

8. The failure to make the corporation a party is not a mere defect of parties, to be taken advantage of by special demurrer, but leaves the stockholder without a cause of action, the party entitled to the relief not being before the court.

4. If the plaintiff fails to make the corporation a party, it is not proper for the court to require him to do so, and his action should be dis-missed absolutely.

C. W. WEST FOR APPELLANT.

1. The railroad company had no power to make the compromise or dis-miss the suit.   A corporation possesses only those powers which its charter expressly confers or are incident to its existence.   (Dart-mouth College v. Woodward, 4 Wheat., 518; Beach v. Fulton Bank, 3 Wend., 583; Green's Brice's Ultra Vires, p. 29 and note.)

Shawhan, &c., v. Zinn, &c.

2. Railroad corporations organized separately cannot merge and consolidate their interests without legislative authority. (Clearwater v. Meredith, 1 Wall., 25; Kean v. Johnson, 1 Stock., 401; Black v. Del. & Rar. Canal Co., 9 C. E. Green, 455; Lauman v. Lebanon Valley R. R. Co., 30 Penn. St., 46; Green's Brice's Ultra Vires, note,. pages 358, &c.)

3. The directors of the company were the agents and trustees of the stockholders, and in making the compromise which they did they violated that trust.

4. A single stockholder may sue to protect his corporation and its rights. when the directors fail to do so. ↓ (Dodge v. Woolsey, 18 Howard,. 331.)

5. The failure to make the C. & L. R. R. Co. a party should have been taken advantage of by special demurrer, and if the controversy could not be determined without the corporation, the court should' have caused it to be made a party, or dismissed the petition without prejudice. (Myers' Code, secs. 40 and 400.)

### ON PETITION FOR REHEARING.

The C. & L. R. R. Co. being a necessary party, the court should have ordered it to be made a party, and if this was not done, should have dismissed the petition *without prejudice.* (Stanton's Code, secs. 40 and 400; Bullitt's Code, sec. 28; 5 Bush, 518; 2 Duv., 146; 15 B. M., 589; 3 Bush, 201; 17 B. M., 602, *Ib.*, 632.)

WM. LINDSAY FOR APPELLEES.

1. The railroad company, under the general power to contract and be contracted with, sue and be sued, had authority to make the contract of compromise.

2. The act of the corporation must be clearly in excess of its corporate powers before the court, at the instance of stockholders, will disregard it. (9 Bush, 578.)

3. The terms of the compromise are not set out in the petition, and the. court will not look to the exhibit to see what they are. (1 Met. 430; 1 Duv., 35.)

4. The charge of fraud is not well made.

5. The failure of appellant to make the C. & L. R. R. Co. a party is fatal to his action.

6. A majority of the stockholders, by their failure to complain of the order of dismissal, have approved the action of the directors, and the court will not interfere. (Foss v. Harbottle, 2 Hare, 461; Dudley v. High School, 9 Bush, 578 and 579.)

W. P. D. BUSH FOR APPELLEES.

1. To enable the stockholder to sue, where the rights of the corporation are involved, the corporation must be made a party. (Green's

Brice's Ultra Vires, 2d ed., p. 645, note (a), and authorities there cited; Dudley v. Kentucky High School, 9 Bush, 576.)

2. The absolute dismissal of appellant's petition does not bar a future action by him against proper parties. (Freeman on Judgments, secs. 263 to 269; Myers' Code, secs. 120, 121, 122, 123, and 400; Williams v. Berry, MS. Op., Dec., 1853, cited in note to sec. 400.)

3. In the absence of the corporation, the court had no jurisdiction to grant the relief asked.

G. W. CRADDOCK FOR APPELLEES.

1. The directors of a corporation, having the power to sue, have also the power to dismiss absolutely, or compromise any suit they may bring, and the stockholders have no right to interfere. (Green's Ultra Vires, pp. 390 and 391, and notes.)

2. To authorize the intervention of the chancellor at the instance of a stockholder, the directors must have exceeded their authority. (Dudley v. Ky. High School, 9 Bush, 578.)

3. When the act of the directors is one which a general meeting of the stockholders may sanction, an action by some of the stockholders, on behalf of themselves and others, to impeach that act, cannot be sustained. (Bagshaw v. Eastern Union Railway Co., 7 Hare, 114; 2 Mac. & G., 389; Green's Ultra Vires, p. 562.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

An action was pending in the Kenton chancery court between the Covington and Lexington Railroad Company as plaintiffs and Bowler's heirs and others, defendants, involving the right of Bowler's heirs to hold the road as purchasers at a decretal sale, subjecting the road to the payment of a large sum of money secured by mortgage, and sold at the instance of the mortgagees under a petition in equity filed in the Fayette circuit court. The right of the parties was finally determined on an appeal to this court, in an opinion holding that the purchase inured to the benefit of the Covington and Lexington Railroad Company, and a mandate issued directing certain proceedings to be had in the court below. After this opinion was delivered, on a petition for a rehearing filed, in which it appeared that the heirs of Bowler were not all before the court, the mandate or opinion

·was modified, and the heirs of Bowler are permitted to make ·defense, and if no proper defense was interposed, the judgment directed to be entered as required by the original ·opinion. The parties who purchased under the sale of the Fayette court had organized a new corporation known as the Kentucky Central Railroad Company.

After the return of the cause from this court, the presi-·dent, directors, and company of the Covington and Lexing-·ton Railroad Company (the old corporation) entered into a ·compromise with the new corporation, or the purchasers ·of the road, by which the action for its recovery by the old ·corporation was dismissed and the stock transferred by the ·agreement to the new corporation, thereby leaving the *purchasers* at the decretal sale the owners of the road. Whether the president and directors, or a majority of them, were authorized to make the agreement at a meeting of the ·stockholders does not appear, and whether such power could have been conferred is not material to inquire; it is evident, however, that where the franchise has already been sold, ·the power of the president and directors to compromise with the *purchasers* in a controversy involving the validity of the sale would not be controlled by the well established rule that the directors of a corporation have no power to destroy its corporate existence. The appellant in the present case alleges that he is a stockholder, and that the board, or a majority of them, combining with the defendants in the original action for the purpose of defrauding the stockholders, entered into the compromise by which the action for the recovery of the road was dismissed, and all its rights and franchises transferred to the new corporation, thereby destroying not only the existence of the old corporation, but rendering the stock of the appellant valueless. He

asks that the action dismissed by the directors be reinstated on the docket, and that he be permitted to prosecute the action, and that the compromise agreement be disregarded.

It is plain that the president and directors of the old company, having the right to institute the action, had the power to dismiss it, and certainly one out of many stockholders, suing not in the name of or for the corporation, will not be permitted to prosecute the action in his own name against the will and consent of the directors.  A stockholder may sue for the corporation or his associate stockholders where the rights of the corporation are involved, and the directors decline to sue or refuse to permit the stockholder to prosecute the action in the name of the corporation.  Such facts must be alleged, and the corporation must be a party plaintiff or defendant; and this is indispensable, because, as said in the case of Davenport v. Davis, 18 Wallace, "the relief is asked in behalf of the corporation and not the individual share-holder."  There is no allegation that the directors decline to reinstate the case on the docket, or that any demand was ever made of them or either of them by the stockholder bringing this action, or any parties in interest to continue its prosecution, nor is the corporation, the Covington and Lexington Railroad Company, a party to the action, and its prosecution, therefore, by the stockholder, would be no bar to a subsequent action by the corporation.

This is not merely a defect of parties (the failure to bring the corporation before the court) to be taken advantage of by special demurrer, but the omission to make the corporation either a plaintiff or defendant leaves the stockholder without a cause of action; in other words, the party entitled to the relief is not before the court.  The stock of the stockholder in the old corporation, or his rights under it, cannot

be affected if the directors had no power to make the compromise; but that is a different question from the relief sought here, namely, that the stockholder may institute and prosecute the action in his own name.    We have the stockholder asserting this right, and the president and directors in court asking its dismissal, and the court very properly sustained the demurrer.    "*It is submitted* that such a suit would be defective, and that in every case where the question, whether of *ultra vires* or of fraud, is one which concerns the corporation itself, the corporation must be a party either as plaintiff or defendant.    A decision in the absence of the corporation would be a decision affecting the rights and liabilities of an individual not before and not heard by the court."    (Green's Brice's Ultra Vires, page 571.)    If this stockholder can institute an action in his own name and for his own benefit, every other stockholder may bring a like action, and therefore the necessity of having the party entitled to the relief before the court, and if no such party appears, a demurrer should be sustained.

It was not necessary or proper for the court below to dismiss the action without prejudice, as it cannot affect the rights of any of the parties, nor was it proper for the court to require the appellant to bring the corporation before the court.    This was the appellant's duty, as in the absence of the corporation no relief could have been granted.    Many other questions have been raised on the appeal as to the sufficiency of the petition.    These questions have not been considered.    For the reasons already indicated, the demurrer was properly sustained.