CASE 93—EQUITY—NOVEMBER 25, 1882.

# Howard, &c., v. Deposit Bank of Owensboro, &c.

### APPEAL FROM DAVIESS CIRCUIT COURT.

1. The county of Daviess, the county judge of that county, and appel-
lee, the Deposit Bank of Owensboro, are necessary parties to a suit
by tax-payers of the county to prevent moneys raised by taxation
for the purpose of paying a debt of $250,000 and interest, lawfully
incurred, and deposited with the said bank, from being illegally
appropriated to the discharge of void bonds unlawfully issued by
certain commissioners for Daviess county, a part of which are held
by the bank.

2. The appellee, the Deposit Bank of Owensboro, is bound for the amount
of collected taxes which it may have appropriated to the void bonds.
held by it, and also for moneys deposited with it which it appropri-
ated to the payment of said void bonds in the hands of others, if the
bank had notice of the illegal character of the bonds, or that the·
money of the county was being illegally appropriated by order of
the commissioners to the payment of such void bonds.

3. As the depositary of taxes collected and deposited with the bank for
a valid purpose, it cannot permit the money to be misappropriated
by applying it to the payment of bonds which it knew were void.

4. The pleadings fail to show a cause of action against Triplett, Berry,
or Tyler personally.

GEORGE W. JOLLY, WILLIAMS & BROWN, AND LITTLE &
SLACK FOR APPELLANT.

1. The bank received the funds from the collectors of railroad tax in
Daviess county. It held them as a depositary. It knew the purpose
of the deposit. It knew that the funds deposited with it were to be
devoted to the bonds of Daviess county, and not the bonds which
had been wrongfully and fraudulently issued. Yet, with this knowl-
edge, it purchased their void bonds and the coupons attached, and
appropriated the taxes collected in its hands to their payment.

2. If the purchaser or mortgagee is knowingly a party to any breach of·
trust, it shall afford him no protection. (Story on Eq. Jur., sec.
1131; 4 Myl. & Cr., 420; 2 Sim. & Stu., 199; Whiles v. Prentiss, 3
Mon., 212; Monarch v. Daviess Co. Ct., MS. Opin., Oct. 11, 1872.)

3. If a *cestui que trust* may sue when his trustee neglects his duty, why
may not appellant sue in this case? (15 B. Mon., 209; McChord v.

Howard, &c., v. Deposit Bank of Owensboro, &c.

Fisher, 13 B. Mon., 194; 3 Litt., 180; 3 La., 569; 19 Johns., 477; 8 Cowan, 387; 11 Bush, 236; 4 Wis., 418; 2 Woods, 323; 1 Sawyer, 63; 13 Bush, 101.)

W. N. SWEENEY FOR APPELLEES.

1. The transactions, as averred, were in no sense special, but general deposits, with the legal effect of vesting in the bank the moneys deposited, charging it with the legal duty of honoring checks or drafts upon it. This being so, there could be no default on the part of the bank until after demand made. (Moore on Banking, 32; Penn. St., 92; 1 Met., 417; Story on Bailments, sec. 88.)

2. There is no such privity between the bank and the tax-payers as will authorize the action. In the nature of things, there can be no right of action in the people; it is alone in the trustees.

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

The county court of Daviess county, in pursuance of an act of the legislature, subscribed $250,000 to the capital stock of the Owensboro and Russellville Railroad, and appointed the appellees, Triplett, Berry, and Tyler, to prepare and execute the bonds of the county, and deliver them to the railroad company.

Instead of preparing and issuing the bonds for $250,000, as authorized by the act, they prepared and issued bonds to the amount of $67,350 in excess of the $250,000.

This excessive issue of bonds was held to be illegal and void by this court in the case of Daviess County Court v. Howard, &c., 13th Bush, 104.

The appellants brought this action against Triplett, Tyler, and Berry, stating the facts as aforesaid, and that the taxes had been collected from the tax-payers of Daviess county to pay the $250,000 in bonds; that these taxes had been paid to Triplett, Berry, and Tyler as commissioners of the county, and that they had deposited the sum of the taxes so collected in the appellee bank; that a large amount of the taxes so collected and deposited with the bank had been "willfully, knowingly, unlawfully, and fraudulently" paid

by the defendants, Triplett, Tyler, and Berry and the bank, as principal and interest of the unlawful issue of bonds, amounting to $70,450, and that the defendants had made no settlement of their accounts.

The petition was amended the second time, and the facts recited substantially restated, and, in addition thereto, the appellants alleged that the bank had purchased and paid the bonds issued in excess of the $250,000, with notice that they were not obligatory on the county, but were illegal, and that these illegal bonds were paid and being paid by the bank, with the knowledge and consent of Triplett, Berry, and Tyler, out of the taxes collected alone for the purpose of paying the lawful issue of the $250,000 in bonds. It is averred that Triplett is the county judge of Daviess county, and that he and Berry and Tyler are in collusion with the bank, and refuse to prosecute any suit against the bank for the unlawful appropriation of the taxes collected to the payment of the unlawful and void bonds; that the plaintiffs are taxpayers, and so interested in the subject of the action, and ask to sue on behalf of the other tax-payers of the county. The county of Daviess is made a defendant by the second amended petition, which, on motion of the defendants, was stricken from the files.

A third amended petition was filed, in which the allegations of the second amended petition were substantially averred, with this difference, that the appellants alleged that the bank had, by purchase, become the holder of some of the void bonds, with notice of their illegality, and had appropriated the taxes aforesaid to their payment illegally, and the defendant Triplett, and Tyler until his death, colluded with the bank to prevent the recovery of the collected taxes so misappropriated by the bank. In this amendment

Howard, &c., v. Deposit Bank of Owensboro, &c.

it is admitted that the appropriation of the money by the bank to the payment of the void bonds was without the knowledge, consent, or authority of Triplett, Berry, and Tyler, and the bank was made a defendant. The appellants were compelled by the court to elect which defendant they would prosecute their suit against, and they elected to prosecute the suit against the bank.

It filed a demurrer to the petition and amended petitions, which was sustained. The appellants failing to plead further, their petition as amended was dismissed, and they have appealed.

The taxes collected could not be lawfully used in paying the void bonds, hence the bank is bound for the amount of the collected taxes which it may have appropriated to the void bonds held by it, and also to the extent of payments made by it to others in discharge of void bonds, if, at the time of doing so, it had notice of the illegal character of the bonds, or that the money of the tax-payers was being illegally appropriated, by order of the commissioners, to the payment of such void bonds. It could not become the depositary of the collected taxes of the people for a valid and legal purpose, and, with full knowledge of the illegal and void character of the bonds which had been over-issued, permit the money in its possession to be misappropriated to the discharge of those bonds.

To sanction such a principle would allow every trustee of moneys to account for them by the known misconduct of others, and release him from his duty to see that the trust fund under his control is not diverted from the trust with his knowledge or consent.

The tax-payers are not bound to pay the void bonds, and they, and they alone, are the real parties in interest, in so

far as taxes may be collected, directly or indirectly, from them to pay those bonds.

If the taxes collected are applied to those bonds now, that will necessitate an additional levy and collection to pay the remainder of the legally issued bonds caused by the misapplication of the collected taxes to the void bonds. If the county court judge, who controls and directs suits in the name of the county, is in collusion with the bank, a suit instituted by him under the coercive power of a mandamus would be but slight protection to the tax-payers,. whose money is alleged to have been squandered and misapplied by the bank to the payment of bonds which it knew to be void, and which it may have bought on speculation, because of its position as depositary of the taxes, and its supposed ability, therefore, to appropriate the taxes of the people with impunity to their payment. We can see no difference in substance between the right of tax-payers. to sue, and have their taxes paid back to them where collected for an illegal purpose, or without authority of law, and their right to sue in this case, which will result in the collection of taxes from them to pay void bonds in the name of paying the remainder of the legal bonds, that remainder being caused by a misapplication of the collected taxes to an illegal purpose known to the depositary at the time. (See Blair v. Carlisle and Jackstown Turnpike Co., 4th Bush, 157.)

The county of Daviess was properly made a party to the action as defendant, the writ of mandamus being an insufficient remedy to protect the tax-payers if the allegations of their petition and amendments be true, and the demurrer,. for the purposes of the law, admitted them to be true.

The county judge was a proper party defendant, because of the charge of collusion by him with the bank, and of his official capacity, which is thereby impugned.

He should be allowed to meet that issue, and if successful, take control of the action by appropriate pleadings in the name of the county of Daviess; and if the facts that may be developed in the record show it to be the duty of the county of Daviess to prosecute this action for the protection of the tax-payers against the payment of the void bonds, the court should require it to do so under the supervision of its county judge. The pleadings fail to show any cause of action against Triplett, Berry, or Tyler personally; hence the demurrer was properly sustained as to Berry and Tyler, but it ought to have been overruled as to Triplett, the bank, and the county of Daviess.

Wherefore, the judgment is reversed as to Triplett, Daviess county, and the bank, and affirmed as to Berry and Tyler, and the cause remanded, with directions to overrule the demurrer as indicated, and for further proper proceedings.