CASE 8—PETITION EQUITY—DECEMBER 18.

# Botts, &c., v. Simpsonville and Buck Creek Turnpike Road Co.

APPEAL FROM SHELBY CIRCUIT COURT.

1. CONSOLIDATION OF CORPORATIONS—In the absence of authority in the charter of a corporation the Legislature has no power to provide for its consolidation with another corporation, created for a different purpose, unless by the unanimous consent of the stockholders; and any one or more of the stockholders may sue to prevent such a consolidation attempted by the directors under legislative authority. It is not necessary that the action should be in the name of the corporation.

    The consolidation of one turnpike road company with another, created for a different purpose, was void, although made under legislative authority, unless done by the unanimous consent of the stockholders, there being no authority therefor in the charter of the corporation. And this action in equity was properly brought by certain stockholders to prevent the consolidation, the two corporations and the directors in both being made defendants.

2. SAME—PLEADING—The averment of the answer that the consolidation had been made, and was ratified by the stockholders, must be taken to mean that it was ratified by a majority, as the act authorizing the consolidation provides that it shall take effect when ratified by a majority of the stockholders.

3. CHARTER OF CORPORATION CONSTRUED—A clause in the charter of a turnpike company providing that the company "shall have the rights and privileges granted to the most favored turnpike companies," will not be construed as affecting rights that are fundamental.

G. G. GILBERT FOR APPELLANTS.

> When the power is not conferred by the charters of corporations there can be no consolidation of the corporations without the consent of all the stockholders in both companies, notwithstanding an act of the Legislature authorizing the consolidation by the consent of a majority of the stockholders in each. (Morawetz on Private Corporations, sections 54, 545, 197; Clearwater v. Meridith, 1 Wall., 25; New Orleans R. R. Co. v. Hains, 27 Miss., 540; Stephens v. Rutland and R. R. Co., 27 Vt., 565; Pearce v. Madison R. R. Co., 21 Howard, 441; Shelbyville Turnpike Co. v. Barnes, 42 Ind., 498; Mead v. New York, &c., R. R. Co., 45 Conn., 199.)

J. C. BECKHAM FOR APPELLEES.

Brief not in record.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellants are members as stockholders of the Simpsonville and Buck Creek Turnpike Company. On the twentieth of February, 1884, the Legislature of the State passed an act authorizing the consolidation of the corporation of which they are members, with another company, styled the Simpsonville and Fisherville Turnpike Company. The appellants, in order to prevent a consolidation of the two companies, filed their petition in equity against the directors of both corporations, and against each corporation, asking for an injunction preventing the merging of the two companies into the consolidated company. An injunction was granted and afterwards dissolved on the answer filed by the defendants, to the effect that the consolidation had been made as provided by the act, by the two boards of directors, and ratified by the stockholders, and nothing remained to be done but the election of directors for the consolidated company. The appellee maintains

that this answer or its averments, not being denied, a dissolution of the injunction on the pleadings necessarily followed.

The act under which the consolidation was made, provided that when the agreement between the board of directors of each company was entered into and *ratified by a majority of the stockholders of the two companies, the consolidated company is to have all the powers heretofore enjoyed by both companies.* The answer nowhere alleges that these appellants ever consented to the consolidation, and the statement that it was ratified by the stockholders must be taken as the act of a majority, and not the whole. The stock of the appellants in one company has been transferred to another, or both merged into one, and the court will not imply from an averment that it was ratified by the stockholders, that it was by the unanimous consent of all, for, if so, it should have been so pleaded, and the statement made must be construed as meaning that a majority voted for the consolidation; in other words, that the provisions of the act were complied with.

It is further argued that the stockholders have no right to maintain the action, because the suit is for the corporation itself, and must, therefore, be brought in the name of the corporation, or some legal or equitable reason given for making the corporation a defendant instead of plaintiff. We do not understand, in a case like this, that the stockholders, or any one of them, are denied the right to sue. The action of the board of directors in this case is alleged to be *ultra vires,* beyond the authority conferred on them

by the charter, and in all such cases the stockholder may bring his action without consulting those who manage the legitimate affairs of the corporation. This is the rule recognized in Hawes v. Oakland, 104 U. S., 450, and in Shawhan v. Zinn, 79 Ky., 300. Here the directors are attempting to transfer the stock of these appellants, by a majority vote of the stockholders, to a corporation of which they are not members, or to blend the stock and make one corporation out of both. This can not be done without the consent of the stockholder, and is in plain disregard of his contract rights when he becomes a member of the corporation. There is no authority in the charter of the company to which he belongs authorizing a consolidation with any other company, and in such a state of case there is no authority holding that his property or right in one company can be transferred against his will to another company. The clause in the charter, that the company, "in matters not expressed in the charter, shall have the rights and privileges granted to the most favored turnpike companies," will not be construed as affecting rights that are fundamental, and under it a power conferred or implied that will compel a stockholder to abandon his contract already entered into, and make a contract with others against his will. The stock in the one company may be worth greatly more than the stock in another company, or, if worth the same, the joint enterprise might be such as would deter the stockholder from taking his investment from the one company and placing it in a joint stock company. Mr. Morawetz,

in his work on Private Corporations, when treating of the consolidations of companies, says: "This can never be effected without the unanimous consent of the members of each company, and such consent can not be inferred as an implied condition of their charter or articles of association." (Section 197, page 198. See note to the text with numerous adjudged cases.) Whether a consolidation could be authorized under a general power reserved by the Legislature to alter or amend the charter, is not necessary to be decided. It is certain that it can not be done where it affects the rights of the stockholders by increasing their liability as such, or diminishing the value of their stock, and with such a radical change the burden would be placed on the consolidated company to show that no harm could be done the stockholder entering his protest. Whether the appellants would be injured by this change does not appear in this record, and if it did, this court would be reluctant to hold, in the absence of authority in the charter, where one has become a stockholder in a turnpike road of a certain description and for a certain purpose, the Legislature could unite him as a stockholder in another corporation and for another or additional objects in view than are to be found in his original contract. In so doing his contract is destroyed and another made for him against his consent. In our opinion, the act of consolidation in this case is void unless made by the unanimous consent of the stockholders.

Judgment reversed and remanded for proceedings consistent with this opinion.