## Cain v. Magoffin County.

(Decided April 13, 1923.)

### Appeal from Magoffin Circuit Court.

1. Taxation—Notice Held not to be that Required by Statute, of Final Action Increasing Assessment, to be Filed on Appeal.—A paper, notifying a taxpayer that the board of supervisors had raised his assessment and would reconvene at a stated date to hear any proof he might have to offer against such raise, was merely a notice to him of the contemplated action of the board, and not the certified copy of the final action taken by the board, which he must file under Ky. Stats., section 4128, to appeal therefrom.

2. Taxation—Final Action not Shown by Indorsement on Notice Cannot be Proved by Parol.—Where a notice of raise of assessment contained a phrase therein "decreased by vote," without, by its

terms, indicating that the phrase was a certification of the board's final action upon the hearing granted in pursuance of the notice, that jurisdictional fact could not be established by oral testimony, so as to sustain the taxpayer's appeal based on the filing of the notice in the trial court.

H. H. RAMEY for appellant.

CHAS. I. DAWSON, Attorney General, and MARTIN T. KELLY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Section 4128 of the Kentucky Statutes provides that any taxpayer feeling himself aggrieved by the action of the board of supervisors may appeal to the quarterly court within 30 days after the final adjournment of the board, "by filing with the judge of said court a certified copy under the hand of the clerk of said board, of said action."

In due time, the appellant filed with the judge of the quarterly court, as the basis of this action, the following paper:

"SUPERVISORS' NOTICE OF RAISE OF ASSESSMENT FOR TAXES.

"To H. J. Cain: You are hereby notified that the board of supervisors of Magoffin county have raised the assessment of your property in said county from $4,-000.00 to $5,000.00 decreased to $4,500.00 by vote (on 150 a.). Said board will reconvene at the tax commissioners' office in the courthouse at Salyersville, Magoffin county, Ky., on Monday the 3d day of April, 1922, to hear any proof you may have to offer against such raise of assessment.

"Given under our hands this 26th day of March, 1922. (Signed) Fred Prater, Chairman, Jim Rudd, Grant Litteral, A. B. Salyer, William Arnett.

"Copy attest: Frank L. Prater, C. M. C. C."

Upon the ground that this paper was not a certified copy of the final action of the board of supervisors, as required by section 4128, *supra,* the quarterly court dismissed the proceeding, as did the circuit court upon an appeal to it, and from that judgment the appellant has prosecuted this appeal.

That the paper filed by appellant is merely an attested copy of the notice to him of the proposed action of the board of supervisors to raise the assessment of his property, and not a certified copy of the final action of the board, is apparent not only from its form, but from the fact that it is dated March 26th, signed by the members of the board, and notifies him that the board will reconvene at a later date to hear any proof he may offer against such proposed raise.

It is insisted, however, that the phrase contained in the notice, "decreased to $4,500.00 by vote," is a certification of the board's final action upon the rehearing held on April 3d, but the paper does not by its terms so indicate, and obviously appellant could not, as he attempted, prove that jurisdictional fact by oral testimony when the statute provides it shall be certified "under the hand of the clerk of said board."

We are therefore of the opinion that the court did not err in dismissing the appeal.

This conclusion renders it unnecessary to consider the further contention that the appeal should have been prosecuted against the board of supervisors rather than Magoffin county.

Judgment affirmed.