# Schoening et al v. Paducah Water Company et al.

(Decided June 11, 1929.)

454

EDGAR T. WASHBURN for appellants.

J. D. MOCQUOT and W. V. EATON for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Affirming.

This suit was filed by the appellants A. H. Scheoning and Thomas B. Russell, and another who withdrew, as citizens and taxpayers of the city of Paducah and patrons of the appellee Paducah Water Company, for

themselves and others of the class, against the city and the company. They attack the validity of an ordinance enacted May 22, 1925, creating and providing for the sale of a franchise for the operation of public waterworks and of certain amendatory ordinances enacted after the sale of the franchise to the Paducah Water Company. The petition prayed that the ordinance be declared invalid, and it was asked that, upon being so declared, a receiver be appointed to take charge and operate the properties of the water company. In addition, appellants asked a recovery for themselves and for the use and benefit of the water consumers and patrons of the company of certain specific sums aggregating $206,267.75, and such further sums as it might be adjudged they were entitled to recover.

The city did not file any responsive pleading, but the water company interposed both special and general demurrers. The court did not pass on the special demurrer, but sustained the general demurrer. The plaintiffs declining to plead further, their petition was dismissed. This appeal is the result.

We are confronted at the outset with the question of the right of the plaintiffs to maintain the suit. The petition is made up of numerous paragraphs, but the character of relief sought is of two classes, namely: (1) To have the ordinance declared void: and (2) to require an accounting and adjudge a recovery of excessive and unwarranted collections from the water consumers. It does not appear that any request or demand was ever made on the city of Paducah or any of its officers that they should undertake to secure the relief which plaintiffs seek.

1. Section 3063 of the Statutes, which is a part of the charter of Paducah and other cities of the second class, gives to any bona fide citizen the right to test the validity of a city ordinance. Such right has been recognized numerous times by the court; a recent case involving another ordinance of the city of Paducah being Russell v. Bell, 224 Ky. 298, 6 S. W. (2d) 236. Consequently, it was not necessary that demand should have been made on the municipal authorities in order to maintain this division of the suit.

(a) It is submitted that the title to the ordinance is not sufficiently comprehensive, and violates the provisions of section 3059 of the Statutes, in that several subjects are treated in the body of the ordinance which are not mentioned in the title, e. g., that the title does not indi-

cate that net earnings are guaranteed the purchaser of the franchise or that a reserve fund should be created out of the earnings, nor are certain specified rights and obligations conferred upon the purchaser mentioned in the title. The title to the ordinance is as follows:

> "An ordinance to create and establish a franchise to construct, own, acquire, maintain and use a water works and water distributing system within the corporate limits of Paducah, and investing the purchaser thereof with the rights, power and privileges herein set forth, and imposing upon such purchaser the duties and responsibilities set out in this ordinance."

In our opinion, the title is clear and sufficient. It is an index to the contents of the ordinance, and indicates the only subject-matter being legislated upon; namely, the creation and sale of a waterworks franchise. It is not necessary that minute details contained in the body of an ordinance should be likewise incorporated in the title.

(b) The validity of the ordinance is assailed because it provides for net annual earnings of 7½ per cent. on the inventoried investment, whereas, it is claimed, the council could not authorize any income in excess of 6 per cent., the legal rate of interest. This is rather a novel contention, and we have not been favored with any citation of authority supporting it. It is incomprehensible that the statutes covering usury and limiting the rate of interest on money loaned should apply. It is not a rate of interest on money that is allowed, but merely a stipulation of earnings expressed in terms of percentage. It is a sum fixed by the council as reasonable compensation for service rendered. If it be granted that it is more than reasonable, that fact alone cannot make void the proceedings or the contract. As declared in Gathright v. H. M. Byllesby & Co., 154 Ky. 106, 157 S. W. 45, an ordinance passed by a municipality cannot be invalidated upon any other ground than its illegality. It is not within the province of a court to say that a valid ordinance is unwise or impolitic. Those questions must be addressed solely to the general council.

(c) The previous franchise of the Paducah Water Company expired in September, 1924; the ordinance was enacted May 22, 1925, and the franchise offered for sale June 12, 1925. It is argued that the ordinance is void because it is the mandatory duty of the city council to

provide at least eighteen months before the expiration of any franchise for the sale of a similar franchise, and such duty was not performed in the instant case. Section 2741m1 of the Statutes, which is now a part of the charters of cities of the second class, so provides. However, that law was not enacted and did not become effective until more than a year after these proceedings were had. It is contained in chapter 137 of the Acts of 1926. A similar act, designated as section 3037d1 of the Statutes, was in existence at the time, but that applied only to cities of the first class. There was no such statute in effect applicable to the city of Paducah or its legislative body at the time these proceedings were had.

(d) Another contention as to the invalidity is that certain members of the council who voted for the adoption of the ordinance were at the time stockholders of the Paducah Water Company. The allegation is too indefinite, and is insufficient to state a cause of action in this respect.

(e) The ordinance and franchise provide that the purchaser might discontinue service to any consumer who should fail to pay any bill for water consumed or service rendered within ten days after presentation thereof, or should such patron permit any one else to take water from his fixtures. It is charged that, since these provisions apply only to patrons within the corporate limits of the city, and do not apply to those living without the limits, such provision is "unfair, unreasonable, unequal and a direct discrimination," and is therefore invalid; and further that this authority granted the purchaser of the franchise and "the interpretation thereof and the acts complained of are each and all unfair, unreasonable, unequal and oppressive," and under the ordinance invalid.

In City of Versailles v. Kentucky Highland R. Co., 153 Ky. 83, 154 S. W. 388, it is declared that the courts are reluctant to declare a municipal ordinance, relating to a subject upon which the municipal council has statutory authority to legislate, invalid, on the ground that it is unreasonable, arbitrary, or oppressive.

In response to the first suggestion, it is sufficient to point out that the city council had no authority over the contract between the company and its patrons not residing within the city limits. As to the second, it is generally recognized that a public service company may promulgate and enforce reasonable rules requiring a con-

sumer to pay water rentals, and, in the absence of legislation to the contrary, may adopt as a reasonable regulation a rule that the water being supplied may be shut off for nonpayment. Such regulations may also require the payment of a nominal charge for turning on the water, but these rights "cannot be exercised so as to coerce the consumer into paying a bill which is unjust or which the consumer in good faith and with show of reason disputes either as to liability or amount by denying him such a prime necessity of life as water when he offers to comply with the reasonable rules of the company as to such supply for the current term." 27 R. C. L. 1454. This court has so held, and, given the reasons therefor, in Louisville Tobacco Warehouse Co. v. Louisville Water Co., 162 Ky. 478, 172 S. W. 928, following Cox v. City of Cynthiana, 123 Ky. 363, 96 S. W. 456, 29 Ky. Law Rep. 780. The ordinance to the extent that it grants to the holder of the franchise this privilege, cannot, therefore, be said to be void.

(f) In July and September, 1926, amendments to the ordinance were adopted relating to the extension of a main on a certain street and relating to water service for apartment and tenement houses. The allegations of invalidtiy are but conclusions, and, as such, were demurrable. We may observe, however, the contentions appear to be without merit.

Since none of the grounds alleged as the basis for declaring void the ordinance are sufficient in law to achieve that purpose, the court properly sustained the general demurrer to the respective paragraphs setting them up.

2. The appellants were without authority to maintain the suit for an accounting and recovery of sums alleged to have been wrongfully collected.

The ordinance is an elaborate one, defining the reciprocal obligations and rights of the city and the purchaser of the franchise. It established the valuation of the property of the Paducah Water Company which should be the basis for rate making with consequent earnings, if that company should become the purchaser of the franchise—as it did—and provided for additions or deductions to be made to or from that basic valuation. The ordinance further provided specifically what items should be considered as operating and maintenance expenses and for the accumulation of a reserve fund and the payment to the city of the surplus in case such reserve should

amount to more than the designated maximum. The specific rates for water were fixed, and the right of the city to regulate the rates, conditioned upon the guarantee of earnings, was amply protected. It likewise contained the terms of the contract for supplying water to the municipality. There is a requirement of semiannual reports to be made to the city of the business transactions and financial conditions of the purchaser. The rights of the city with respect to such reports were safeguarded by reservation of the authority to inspect the books, records, and accounts of the company either by its own officers or employed accountants.

The sale and purchase of this franchise became a binding contract between the municipality and the water company. If there has been a breach of that contract, the city has recourse to the courts. No individual, even though a taxpayer of the city and consumer of water, as appellants allege themselves to be, ought to be permitted to sue on a breach of that contract without first having given the municipality the opportunity to do so. It is alleged in different paragraphs of the petition that the company has collected more money than it was authorized to do by the ordinance, and especially that it has considered as an operating expense interest on borrowed capital, which item, amounting to $162,996.08, was not included in those that the ordinance provided should be considered in ascertaining the operating and maintenance expenses. The primary right to recover these sums—if they should be recovered—and to institute and conduct all suits and proceedings looking to the preservation of the rights of the city and its citizens under this contract, is lodged with the municipality. Of course, this cannot apply to any individual grievance. Concerning the same right lodged in a fiscal court of the county it is said in Williams v. Stallard, 185 Ky. 10, 213 S. W. 197:

> "The opinions hold that, while a citizen and taxpayer is directly interested in such matters, he cannot start the machinery of the courts in motion upon his own initiative, unless some officer or agency of the county, whose primary duty it is to do so upon request, has declined; that while the efforts of the citizen and taxpayer to see that the public funds of the county are not misappropriated and squandered is to be encouraged and commended (Fox v. Lantrip, 169 Ky. 759, 185 S. W. 136), still

it is better that, before the courts will recognize such efforts of the citizen and taxpayer, by upholding a suit or proceeding instituted by him, it should be made to appear that the one whose primary duty to do so upon request has declined."

If upon demand of the officers of the city they had refused to take this action, whether arbitrarily or reasonably, the appellant might have maintained the suit; but, in the absence of any showing of such demand and refusal, the appellants were without right to maintain it, and the court should have sustained the special demurrer to those paragraphs setting up the claims in this regard. In sustaining the general demurrer, however, the same result was accomplished.

The judgment is affirmed.