## Commonwealth, By and Through Barton, v. Mauney et al.

(Decided March 19, 1935.)

HIRAM H. OWENS and J. B. CAMPBELL for appellants.

TYE, SILER, GILLIS & SILER for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The city of Corbin, of the third class, at the November election, 1926, adopted the commission form of government, as authorized by section 3480b-1 et seq., Kentucky Statutes. Section 3480b-11 provides for the election of commissioners for a term of two years, beginning the first Monday in January following his election.

At the November election, 1929, L. L. Mauney was elected commissioner, executed bond in the sum of $10,000, and entered upon the duties of his office on the first Monday in January, 1930. His term expired the 31st day of December, 1931. He was paid a salary of $125 per month at the end of each month for the years 1930 and 1931.

George A. Barton, in the name of the commonwealth of Kentucky, for himself and all other taxpayers of the city, filed this action against Mauney and his surety, the Fidelity & Casualty Company of New York, to recover of them $41.67 for each month during his term of two years, which he charges was "in excess of the amount" Mauney was legally entitled to receive as salary. J. M. Tipton was permitted to become a plaintiff with Barton. The Fidelity & Casualty Company filed a general demurrer to their petition as amended. It was sustained, and the petition dismissed as to it.

It is nowhere alleged in the petition that Mauney had been re-elected as commissioner or that he was in office at the time of the institution of this action, December 30, 1933. The petition is silent as to who were elected commissioners at the November election, 1931, or were in office at the time this action was filed. Considering, without deciding, that the $41.67 each month for a period of two years was wrongfully received and appropriated by Mauney, the right of action to recover therefor against him and his surety is primarily in the city. And while Barton and Tipton as citizens and taxpayers were directly interested in the recovery against them, they were without right to start the machinery of the court in motion upon their own initiative, unless the officers of the city whose primary duty is to do so, upon request, had declined. Before the courts will entertain an action on the part of a citizen and tax-

payer to recover in such case, it is indispensably essential that the citizen and taxpayer seasonably request those whose primary duty it is to sue to do so, and they decline. If, upon demand of the proper officials of the city, they refuse, either arbitrarily or reasonably, to institute an action therefor, then the citizen and taxpayer may maintain the suit; but, in the absence of an allegation showing such demand and refusal in the petition of the citizen and taxpayer seeking a recovery, it is demurrable. Schoenling v. Paducah Water Co., 230 Ky. 453, 19 S. W. (2d) 1073; Wagner v. Wallingford, 257 Ky. 477, 78 S. W. (2d) 326; Williams v. Stallard, 185 Ky. 10, 213 S. W. 197. "But there is an exception to the rule under which it is equally as well settled that such a suit may be maintained, without such a demand, where it is apparent that it would be futile to make demand. See Shipp v. Rodes, 196 Ky. 523, 245 S. W. 157; Fox v. Lantrip, 162 Ky. 178, 172 S. W. 133; Howard v. Deposit Bank of Owensboro et al., 80 Ky. 496." Taylor, County Jailer, v. Todd et al., 241 Ky. 605, 44 S. W. (2d) 606, 607.

There is no statement of facts or allegation in the petition bringing this case within this exception. We are not authorized to presume, in the absence of an allegation, that Mauney was in office at the time of the institution of this action, or that those in office would have declined to sue him for the $41.67 per month for each of the months during his term of office, had they been requested by Barton and Tipton so to do.

It is apparent that it is our view the court properly sustained the demurrer to the petition on the ground indicated.

Only the demurrer of the Fidelity & Casualty Company was sustained to the petition; therefore, the action is pending in the circuit court as to Mauney. Other questions are presented and discussed in briefs of counsel; but since it is our view the petition is bad on demurrer for the reasons indicated, it is entirely unnecessary to discuss them.

Wherefore, the judgment is affirmed.