## Williams v. McWilliams, Sheriff, et al.

(Decided Nov. 12, 1935.)

G. MURRAY SMITH for appellant.

J. P. CHENAULT for appellee McWilliams.

HUNT & BUSH for appellee Kremer.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appeal is from an order sustaining a special demurrer to the petition and dismissing it. We state its substance. The plaintiff, D. J. Williams, is a resident citizen and taxpayer of Madison county. The defendants are John McWilliams, sheriff of that county, M. J. Brennan, state revenue agent, and Harry D. Kremer. On or about March 14, 1934, the sheriff collected from the Petroleum Exploration, Incorporated, back taxes amounting to $12,041.05. Of that sum $3,807.19 was due the state, $4,482 was due Madison county, and $3.750.95 was due the board of education of that county. In addition, $2,408.21 had been collected by the sheriff as penalties. The sheriff should have paid over those sums less his commission to the respective treasurers, but he had paid only certain amounts stated. There was due the state of Kentucky $571.07, the treasurer of the county $1,580.26, and the treasurer of the school board $1,350.31, which several sums were alleged to have been paid the defendant Kremer or another at his instance and direction. It is averred that the several treasurers are entitled to that money. There was filed with the petition what purported to be a copy of a judgment of the Fayette county court against the Petro-

leum Exploration, Incorporated, showing the amounts due not only Madison but also Estill, Lee, and Owsley counties on account of taxes and the basis of computation. This judgment sets forth the amounts stated in the petition as what should have been collected and paid over by the sheriff.

The plaintiff prayed that the state of Kentucky, the treasurer of Madison county, and the treasurer of the county board of education, respectively, have judgment against the defendants McWilliams and Kremer for the amounts alleged to be due in his petition and interest and costs. There is in the record, marked "Exhibit tendered and offered," what purports to be a copy of a resolution of the Madison county fiscal court employing Mr. Kremer as attorney for a contingent fee to recover the taxes indicated in the petition. Since the filing of the appeals there has been filed in this court a statement of appellant and a receipt showing the satisfaction of the claim asserted in behalf of the school board and suggesting that, in so far as the suit undertakes to recover for it, the case is moot.

Appellant in brief concedes he had made no request of the fiscal court or the board of education to institute suit to recover the money alleged by him as being due. He recognizes the law to be that before a taxpayer may maintain a suit of this character, a demand must have been made and denied, unless it appears that it would have been futile. He relies on Taylor v. Todd, 241 Ky. 605, 44 S. W. (2d) 606, 607, and cases of that class. It will be observed that in those cases where such right to maintain the suit was sustained, the fiscal court or other municipal body or the individual officer was a party defendant, or it was shown in the pleading that the suit was to right a wrong which it or he had committed. The cases are reviewed in Taylor v. Todd and in Commonwealth, by and through Barton, v. Mauney, 258 Ky. 429, 80 S. W. (2d) 568.

We may overlook the omission of allegations that the suit was filed by the plaintiff for himself and other taxpayers for the use and benefit of the commonwealth or the county and perhaps other technical defects, as it is sufficient to say that the petition does not allege any facts establishing an excuse for not making demand upon the proper officers that they should endeavor to recover what is alleged to be due. Hence, the pleading

was not sufficient to bring the case within the exceptions relied on. The court therefore properly sustained the special demurrer.

Judgment affirmed.