**CITY OF MANCHESTER, Kentucky, et al., Appellants,**

v.

**Doshia ASHER et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 19, 1965.

T. T. Burchell, Manchester, for appellants.

John M. Lyttle, Manchester, for appellees.

PALMORE, Judge.

This is an unusual case which seems to have been practiced mainly off the record. Fortunately or unfortunately, as it may be, we have the uneasy task of deciding it only on the record.

The appellees are 22 taxpayers of Manchester, a 5th class city and county seat of Clay County. In some manner each of them attempted to appeal to the Clay Quarterly Court from the city board of equalization's action on their 1961 city tax bills. The right of and procedure for taking such appeals is provided by KRS 92.530(2). While these attempted appeals were pending in the quarterly court T. T. Burchell, as "Attorney and Taxpayer for the Appellee, Manchester, Kentucky," filed motions to dismiss all of them. The 22 proceedings were consolidated and in due course the quarterly court entered a judgment that "the assessment raises by the Special City Assessor and the Board of Equalizers be declared invalid and of no effect against each of the appellants, and that their city taxes be in the same amount as they were before said attempted raises. To which ruling of the Court the City of Manchester, Kentucky, objects and excepts and prays an appeal to the Clay Circuit Court, which is granted."

The first 95 pages of the transcript before us consists of a copy of the record in the Clay Quarterly Court, bearing the following endorsement by the Clerk of the Clay Circuit Court:

"Appealed to Clay Circuit Court from Clay Quarterly Court * * * and same is filed and noted of record, this the 8th day of Jan., 1962."

Thus it is apparent that the appeal to circuit court was accomplished by a direct filing of the quarterly court record rather than a certified copy of the judgment as required by CR 72.01. Nevertheless, this procedural irregularity was not questioned by the appellees and the circuit court proceeded to entertain the appeal. In the circuit court Mr. Burchell, still acting as "attorney and taxpayer" for the city, filed several motions, including what was in effect a renewal of his effort in quarterly court to obtain a dismissal of the attempted appeals by the 22 taxpayers from the actions of the city board of equalization. Some testimony was taken, but for purposes of this discussion it may be assumed that none of the parties produced any evidence on the merits, and as the tilting and sparring appeared to be leading in the general direction of nowhere the circuit court finally entered the judgment from which the instant appeal is taken by the City of Manchester through Mr. Burchell as a taxpayer.

The judgment is as follows:

"The City Clerk of the town of Manchester, Kentucky is hereby authorized and directed to add a 30% total above the 1959 taxes for years 1960 and 1961 for the above captioned taxpayers and this cause is stricken from the courts docket."

The most novel question in the case is one that the appellees have not raised, but which we feel we must consider in order to determine whether there is a valid appeal before us. Is the City of Manchester, or Mr. Burchell in its behalf, actually a party to the lawsuit? If not, he or it is an interloper and cannot or at least will not be heard.

After each of the 22 taxpayers had lodged with the quarterly court the papers that were thereafter treated as appeals from the actions of the city board of equalization, Mr. Burchell filed in that court motions to dismiss in which he alleged that he was a citizen and taxpayer of the City of Manchester and in such capacity desired to resist the appeals in the city's behalf; that the city had no attorney; and that a demand on the appropriate officials of the city to defend the actions would be futile because the mayor had already indicated his refusal to do so, and a meeting of the city

council could not be convened in time to avoid judgments by default. He did not proceed by intervention (CR 24) or seek to have himself made a party, either individually or as a class representative of the taxpayers of the city (CR 23), but appeared for the city *eo nomine*.

In a related case, City of Manchester v. Keith, Ky., 396 S.W.2d 44 (decided November 12, 1965), we affirmed a judgment against the city because Mr. Burchell, as its sole representative in the proceeding, had no standing to maintain the action either as an attorney or as a citizen, resident or taxpayer. In that case, however, Mr. Burchell did not make a showing that a demand had been made on the proper officials to prosecute the action in the city's interest, or that such a demand would have been futile.

■ It was remarked in Norrell v. Judd, Ky., 387 S.W.2d 7, 9 (1965), that this court "has been most liberal in its recognition of the right to maintain a taxpayer's suit." When the suit is derivative, or secondary, the primary right of action being in the corporation, the individual seeking to maintain it in behalf of the city must allege a demand on the public officers or the futility of such a demand. Wagner v. Wallingford, 257 Ky. 477, 78 S.W.2d 326 (1935); Commonwealth, By and Through Barton v. Mauney, 258 Ky. 429, 80 S.W.2d 568 (1935). A suit against the city, as distinguished from the institution of an action in its behalf, can be defended in the same manner. Cf. McQuillin, Municipal Corporations, §§ 52.10, 52.17 (Vol. 18, pp. 19–20, 33–34). Though it is customary and better practice for the taxpayer to appear in his own name, in which event, if he enters litigation already pending he must intervene under CR 24 and be made a party, there is no compelling reason why he may not accomplish the same end by a direct entry of appearance in the name of the city if he makes a proper showing of his relationship and right to proceed in its interest and if no objection to the irregularity is interposed.

It is just a matter of formality. The service of papers must be directed to his counsel of record anyway. CR 5.02.

■ Though it would seem that the members of the board of equalization were the parties against whom the appeal of the taxpayers should have been directed, the city had the right to intervene. Cf. Cook v. Citizens State Bank of Wickliffe, Ky., 304 S.W.2d 931, 933 (1957); City of Louisville v. Christian Business Women's Club, Ky., 306 S.W.2d 274, 277 (1957).

■ We are of the opinion that the contents of Mr. Burchell's motions established his right to intervene and defend the city's interests in this litigation and that the city became a party by virtue of his unchallenged and uncontested appearance in its name and behalf. Hence this appeal can be entertained.

■ The position of the 22 taxpayers who are the appellees is that the city had the burden of proof in the circuit court and, no evidence of substance having been introduced, judgment against the city was correct. To the contrary, see Combs v. Combs, Ky., 380 S.W.2d 227, 229 (1964). But we need not reach the point, because there really was nothing in issue requiring proof. The city's contention all along, in the quarterly and circuit courts and in this court, was and is that the taxpayers did not have proper appeals pending in the quarterly court. One look at the record is enough to settle that question in the city's favor. Indeed it seems to us that there were no appeals whatever, because KRS 92.530(2) provides that an appeal from the action of the city board of equalization must be taken "by filing with the judge of the quarterly court a copy of the action of the board, certified by the clerk of the board," etc., which was not done. So far as the record shows, the papers filed with the quarterly court were nothing more than copies of the original assessments transcribed from the assessment book and certified by the city clerk. They do not show or purport to re-

flect the actions of the board of equalization, nor were they accompanied by anything in the nature of a statement of appeal which might have served as an appropriate vehicle for explaining the absence of a certified record from the clerk of the board of equalization. As we have already mentioned at the beginning of this opinion, it is obvious that the main stream of this litigation flows somewhere outside the course of the record.

It will be recalled that although the city did not comply strictly with CR 72.01 in appealing to the circuit court, it did file the original quarterly court record, including the judgment from which the appeal was taken. This accomplished the basic purpose of the requirement that a certified copy of the judgment be filed. Cf. Commonwealth of Ky., Dept. of Highways v. Wilkins, Ky., 320 S.W.2d 125, 126 (1959). Hence the irregularity was not fatal. But it would seem elementary that no appeal could be perfected without either the original or a copy of the judgment or order from which it is taken, and we are satisfied that the provisions of KRS 92.530(2) in this respect are mandatory. Cf. Cain v. Magoffin County, 198 Ky. 598, 249 S.W. 766 (1923).

So, as we view it, each of the attempted appeals from the board was a nullity and subject to dismissal on proper motion, if not by the quarterly court *sua sponte*. The city's motions for dismissal of the taxpayers' appeals amounted in substance to motions for judgment on the pleadings. Both the quarterly court and the circuit court erred in entering judgments which had the effect of overruling them. The circuit court judgment was erroneous also to the extent that it covered 1960 taxes and directed a tax increase of 30% for 1960 and 1961, there being nothing in the record to support it in either aspect. The sole justiciable issue before the court was whether the 22 taxpayers were entitled, on the basis of what they had filed with the quarterly court, to a review of the actions of the board of equalization.

As a final word of explanation, we note from the judgment of the quarterly court that its reason for sustaining the appeals of the taxpayers was that the tax assessor and the members of the board of equalization had not taken the official oath of office before entering upon their duties. Since the appeals were ineffective, any question as to the validity of their actions remains unlitigated and undecided.

The cause is reversed with directions that a judgment be entered dismissing the attempted appeals from the actions of the board of equalization of the City of Manchester.